## Case No. 9,889a.

### MOWATT v. BROWN.

[14 Betts. D. C. MS. 80.]

District Court, S. D. New York. Dec. 28, 1848.

SEAMEN — WAGES — DISABILITY CONCEALED AT TIME OF SHIPPING.

[A seaman who ships for a voyage. concealing from the master a long-standing disease, which incapacitates him from labor, is not entitled to wages.]

[This was a libel by John Mowatt against Joseph R. Brown for seaman's wages.]

PER CURIAM (BETTS, District Judge). The libellant shipped in this port the 7th of April last as an able seaman on the barque Adario for a voyage to the coast of Africa and back. He entered on board in a disordered state of body, and never regained his health and strength in the five months the vessel was absent, so as to be able to perform his duty on board. He now sues the master of the vessel for wages on the voyage and claims a balance of $31 and upwards. This is not the case of a seaman taken sick in the service of the ship, when, by the maritime law. he continues entitled to running wages, and also to be cured of his malady at the charge of the ship. Abb. Shipp. 733; Curt. Merch. Seam. 107; Id. 291. He was laboring under an old and fixed affection disabling him from performing the duty of a sailor, and it was a fraud upon the master and owner to ship as an able seaman under such circumstances. Pet. Adm. 263; Curt. Merch. Seam. 29. Had he been able to perform valuable services to any amount. he might obtain satisfaction pro tanto, the master having the right to make a reasonable deduction for his deficiency. Abb. Shipp. 734, note; 3 Kent. Comm. (6th Ed.) 186. Under the proofs in this case it is made to

appear that the libellant was disabled by an old infirmity, which he concealed from the master at the time of shipping, and which continued upon him, and disabled him from duty during the voyage, and therefore he cannot now sustain an action as for meritorious services. Libel dismissed, with summary costs.

═══

MOWATT (STOKES v.). See Case No. 13,481.

MOWBRAY (ATLANTIC GIANT POWDER CO. v.). See Case No. 624.

═══

## Case No. 9,890.

### MOWER et al. v. BURDICK.

[4 McLean, 7.] [1]

Circuit Court, D. Michigan. June Term, 1845.

PLEADING AT LAW—PLEA—TRAVERSE—ARGUMENTATIVELY DENIED.

A plea which argumentatively denies a fact averred in the declaration, is demurrable. The traverse must be direct.

[This was a proceeding by Mower and Stevens against Burdick.]

Barstow & Douglass, for plaintiffs.
Joy & Porter, for defendant.

OPINION OF THE COURT. This action is brought upon a sealed instrument, dated the 9th of June, 1839, in which the defendant agreed to indemnify the plaintiffs and save them harmless against the payment of a certain promissory note, made and signed by the plaintiffs jointly and severally. with one Samuel Mower, then of Michigan City, Indiana, for the sum of seventeen hundred dollars, payable in one year, for the benefit and use of the said Samuel Mower. And the plaintiffs aver, that on the 12th day of July, 1842, they paid the said note. The second count in the declaration was substantially the same on another note.

The defendant pleaded that the said Samuel Mower did himself take up and pay each of the said several promissory notes when they became due, without this, that the said plaintiffs paid the sums due upon the said promissory notes when they became due, or any part of all or either of them in manner and form. etc., which the said defendant is ready to verify. To this plea, the plaintiffs demurred. This plea is bad. The plaintiffs aver that they paid the notes after they became due; the plea alleges that Mower paid them when they became due, which is not a direct answer to the averment in the declaration. This may be a good argument to show that the plaintiffs could not have paid the notes as they allege, but it is an argumentative denial of the fact stated in the declaration, which should be traversed. Steph. Pl. 175–177, 181, 385. The case was discontinued.

[1] [Reported by Hon. John McLean, Circuit Justice.]